J-S51015-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| KEVIN SCOTT PARTELLO | : | |
| | : | |
| Appellant | : | No. 669 MDA 2020 |

Appeal from the Judgment of Sentence Entered February 21, 2020
In the Court of Common Pleas of Lancaster County Criminal Division at
No(s): CP-36-MD-0001364-1987

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| KEVIN S. PARTELLO | : | |
| | : | |
| Appellant | : | No. 670 MDA 2020 |

Appeal from the Judgment of Sentence Entered February 21, 2020
In the Court of Common Pleas of Lancaster County Criminal Division at
No(s): CP-36-MD-0002189-1987

BEFORE: MURRAY, J., McLAUGHLIN, J., and McCAFFERY, J.

MEMORANDUM BY MURRAY, J.:         **FILED DECEMBER 22, 2020**

      Kevin Scott Partello (Appellant) appeals from the judgment of sentence

entered following the revocation of his probation.[1]  We affirm.

---

[1] Appellant complied with the dictates of our Pennsylvania Supreme Court in
***Commonwealth v. Walker***, 185 A.3d 969, 971 (Pa. 2018) (holding
prospectively from the date of the ***Walker*** decision, "where a single order
resolves issues arising on more than one docket, separate notices of appeal

The trial court detailed the underlying facts and procedural history as follows:

On November 13, 1987, [Appellant] pleaded guilty to two counts of Involuntary Deviate Sexual Intercourse [18 Pa.C.S.A. § 3123]; two counts of Statutory Rape [18 Pa.C.S.A. § 3122 (Repealed March 31, 1995)]; ten counts of Indecent Assault [18 Pa.C.S.A. §§ 3126(1) and (3)]; and ten counts of Corruption of Minors [18 Pa.C.S.A. § 3125(a)] arising out of a series of events that occurred on or around the campus of Lancaster Bible College in Manheim Township, Lancaster County, Pennsylvania. [Appellant] purportedly held a position of influence at the college and perpetrated his crimes in an educational and religious setting. At this time, [Appellant] victimized [many] boys,[2] ages nine through fourteen, while [Appellant] was twenty-two years of age. It was noted at the time of his underlying conviction, [Appellant] had been diagnosed with pedophilia.

After a pre-sentence investigation report was prepared, [Appellant] was sentenced by the Honorable D. Richard Eckman on January 19, 1988[.] . . . Th[e] rather complex sentencing scheme yielded a net sentence of not less than five years nor more than twenty years' incarceration to be followed by twenty years of consecutive probation.

[Appellant] was originally granted parole for the underlying offenses in 1993. In 1996, [Appellant] was violated and recommitted for technical violations of his parole for having a minor in his residence. He was once again paroled in 2000. Following his release, [Appellant] relocated to the State of Ohio and was convicted of the offense of Gross Sexual Imposition shortly thereafter. Regarding this conviction, [Appellant] was thirty-six years of age at the time when he victimized a sixteen-year old boy. At the time, [Appellant] was acting as the victim's

_____

must be filed for each case."). On May 11, 2020, the parties filed a stipulation consolidating the appeals.

[2] The trial court states there were eight victims. Trial Court Opinion, 6/10/20, at 1. At the revocation hearing, the Commonwealth said there were nine victims. N.T., 10/01/19, at 3. However, at the sentencing hearing, the Commonwealth maintained there were ten victims. N.T., 2/12/20, at 8.

Alcoholics Anonymous counselor. This conviction resulted in a sixteen-month period of confinement. The Ohio court confirmed that [Appellant] had the diagnosable condition of pedophilia, found [Appellant] to be at a high risk of re-offending, and classified [Appellant] as a sexual predator pursuant to the controlling Ohio statute.

In 2017 and 2019, [Appellant] was convicted of multiple offenses relating to a failure to register with the Megan's Law requirements in the State of Ohio.

On or about January 12, 2019, [Appellant] was convicted of the offense of Importuning, a Felony of the Fifth Degree, in the State of Ohio. [Appellant], then age fifty-four, solicited what he believed to be a fifteen-year-old boy on an online dating site for homosexual men. Despite knowing the boy's age, [Appellant] arranged and travelled to meet him. The meeting was a sting operation conducted by local law enforcement in the State of Ohio. [Appellant] was sentenced to thirteen additional years of supervision within the State of Ohio, and required to be in full compliance with all sex-offender registration requirements; re-engage with sexual offender programming, with advanced psychotherapy; and report monthly to his probation officer in Ohio.

Following this conviction, [Appellant's] supervising probation officer in the State of Ohio notified officials with the Lancaster County Adult Probation and Parole Department of the violation of [Appellant's] probation. It is noted that the officials in the State of Ohio failed to notify the Pennsylvania authorities regarding [Appellant's] previous convictions in the State of Ohio as detailed above. Accordingly, on August 27, 2019, a capias and bench warrant were issued alleging a violation of the conditions of [Appellant's] probation resulting from [Appellant's] conviction for the offense of Importuning in Portage County, Ohio. [Appellant] was served with the capias and bench warrant on or about the same date and has remained incarcerated continuously since that date. On October 1, 2019, the court found [Appellant] in violation of his probation and directed the preparation of a pre-sentence investigation report. Following preparation of the pre-sentence investigation report and certain continuances of the sentencing hearing at the request of the parties, [Appellant] appeared for sentencing on February 21, 2020. Prior to this date, as a result of an informal conference with the court, the parties discovered

errors in the capias pertaining to the sentences which remained active and which periods of probation had previously expired. As such, by agreement of the parties, on February 21, 2020, the original capias and bench warrant lodged against [Appellant] were dismissed and a corrected capias and bench warrant were issued for [Appellant] on that same day. The parties waived all required hearings and notices; [Appellant] was, again, found in violation of his probation; the matter proceeded to sentencing. At such time, this court imposed [an aggregate sentence of 15 to 30 years' imprisonment.]

On March 2, 2020, [Appellant] filed a Motion to Modify Sentence, which was denied by order of March 6, 2020. On April 21, 2020, [Appellant] filed a timely Notice of Appeal to the Superior Court of Pennsylvania. By order dated April 21, 2020 and filed on April 24, 2020, [Appellant] was directed to file a Statement of Errors Complained of on Appeal pursuant to Rule 1925(b) of the Pennsylvania Rules of Appellate Procedure. [Appellant] filed his Concise Statement of Matters Complained of on Appeal . . . on May 5, 2020.

Trial Court Opinion, 6/10/20, at 1-5 (record citations and footnotes omitted).

On appeal, Appellant presents a single issue for our review:

Was the trial court's sentence of 15 years to 30 years incarceration at a State Correctional Institution, for a violation of probation, manifestly excessive and an abuse of discretion and contrary to the fundamental norms underlying the sentencing process where the court failed to adequately consider [Appellant's] character and rehabilitative needs in imposing sentence?

Appellant's Brief at 6.

Appellant challenges the discretionary aspects of his sentence. "[I]t is within our scope of review to consider challenges to the discretionary aspects of an appellant's sentence in an appeal following a revocation of probation." *Commonwealth v. Fergusson*, 893 A.2d 735, 737 (Pa. Super. 2006). However, "a challenge to the discretionary aspects of a sentence is not

- 4 -

appealable as of right." ***Commonwealth v. Colon***, 102 A.3d 1033, 1042 (Pa. Super. 2014). Before we exercise jurisdiction to reach the merits of Appellant's claim, we must determine:

> (1) whether the appeal is timely; (2) whether Appellant preserved his issue; (3) whether Appellant's brief includes a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence; and (4) whether the concise statement raises a substantial question that the sentence is appropriate under the sentencing code. . . . [I]f the appeal satisfies each of these four requirements, we will then proceed to decide the substantive merits of the case.

***Id.*** at 1042-43 (citations omitted).

Instantly, Appellant filed a timely notice of appeal and preserved his issue by filing a post-sentence motion for modification of sentence. Appellant additionally included in his brief a concise statement pursuant to Pa.R.A.P. 2119(f). ***See*** Appellant's Brief at 14-15. With regard to whether Appellant has raised a substantial question, we conduct a case-by-case analysis to determine what allegations constitute a substantial question. ***Commonwealth v. McAfee***, 849 A.2d 270, 274 (Pa. Super. 2004). This Court has held that a claim — such as the one raised by Appellant — of an excessive sentence in conjunction with an assertion the court failed to consider mitigating factors and rehabilitative needs, raises a substantial question for review. ***See Commonwealth v. Caldwell***, 117 A.3d 763, 770 (Pa. Super. 2015) (*en banc*) (substantial question existed where appellant challenged sentence as unduly excessive, together with claim that court failed to consider

rehabilitative needs); *see also Commonwealth v. Johnson-Daniels*, 167

A.3d 17, 27 (Pa. Super. 2017), *appeal denied*, 174 A.3d 1029 (Pa. 2017).

Having determined that Appellant raised a substantial question, we

recognize our standard of review:

> Sentencing is a matter vested in the sound discretion of the
> sentencing judge, and a sentence will not be disturbed on appeal
> absent a manifest abuse of discretion.  In this context, an abuse
> of discretion is not shown merely by an error in judgment. Rather,
> the appellant must establish, by reference to the record, that the
> sentencing court ignored or misapplied the law, exercised its
> judgment for reasons of partiality, prejudice, bias or ill will, or
> arrived at a manifestly unreasonable decision.

*Commonwealth v. Zirkle*, 107 A.3d 127, 132 (Pa. Super. 2014) (citation

omitted).

> In determining whether a sentence is manifestly excessive, the
> appellate court must give great weight to the sentencing court's
> discretion, as he or she is in the best position to measure factors
> such as the nature of the crime, the defendant's character, and
> the defendant's display of remorse, defiance, or indifference.

*Colon*, 102 A.3d at 1043 (citation omitted).

Upon revoking probation, a sentencing court may choose from any of

the sentencing options that existed at the time of the original sentencing,

including incarceration.  42 Pa.C.S.A. § 9771(b).  "[U]pon revocation [of

probation] . . . the trial court is limited only by the maximum sentence that it

could have imposed originally at the time of the probationary sentence."

*Commonwealth v Infante*, 63 A.3d 358, 365 (Pa. Super. 2013) (internal

quotation marks and citations omitted).  However, 42 Pa.C.S.A. § 9771(c)

provides that once probation has been revoked, a sentence of total confinement may only be imposed if any of the following conditions exist:

> (1) the defendant has been convicted of another crime; or
>
> (2) the conduct of the defendant indicates that it is likely that he will commit another crime if he is not imprisoned; or
>
> (3) such a sentence is essential to vindicate the authority of the court.

42 Pa.C.S.A. § 9771(c). The trial court may determine whether a sentence should run consecutive to or concurrent with another sentence being imposed based upon the facts of a particular case. *Commonwealth v. Perry*, 883 A.2d 599, 603 (Pa. Super. 2005) (internal citations omitted).

As discussed above, Appellant violated his probation when he was convicted of two felonies in Ohio, and the trial court at the revocation hearing had the benefit of a pre-sentence investigation report. When the sentencing court has the benefit of a pre-sentence investigation report, it is presumed to have properly considered and weighed all of the relevant information, including any mitigating statutory factors. *Commonwealth v. Fowler*, 893 A.2d 758, 766 (Pa. Super. 2006) (citation omitted). The trial court explained:

> In sentencing [Appellant] in the instant matter, the court was guided by numerous factors. In fashioning the sentence, the court gave thoughtful consideration to: the penalties authorized by the Legislature; the facts and circumstances of the underlying offense; the facts and circumstances of [Appellant's] current violation and his history while under court supervision; and, the contents of the presentence investigation and all attachments thereto, which included court documentation regarding the underlying offenses, a 1987 psychiatric evaluation performed by Johns Hopkins Hospital, documentation regarding the current

violations and the summary of the probation department, a 1987 evaluation performed at the University Hospital of Cleveland, the 2001 documentation from Lake County, Ohio regarding the charge of Gross Sexual Imposition, the 2017 documentation from Lake County, Ohio regarding a registration violation, the 2019 documentation regarding the registration violation, and the 2019 documentation from Portage County, Ohio regarding the Importuning charge. The court also considered the court file regarding the underlying offenses that was retrieved from the court's archives; the comments and the position of the attorney for the Commonwealth; the comments and position of the probation department; and, the comments and position of the attorney for [Appellant], along with [Appellant's] comments in court. The court considered the documentation submitted by [Appellant], including the 2019 evaluation and documentation from Advanced Psychotherapy Services; various letters of support on behalf of [Appellant], including pastors and other administrators of the United Methodist Church of Painesville, Ohio; letters from acquaintances from his church and an acquaintance, who was a sister affiliated with the Diocese of Cleveland. The court reviewed additional documents and electronic mail messages from [Appellant's] supervising probation officer for the State of Ohio; documentation regarding [Appellant's] employment in the State of Ohio; the letter written to the court by [Appellant]; [Appellant's] rehabilitative needs; the need for there to be a deterrence; and importantly, the need for the protection of the entire community.

Trial Court Opinion, 6/10/20, at 10-11 (record citations omitted).

Further, the trial court in addressing Appellant stated:

. . . I can assure you that I never received and reviewed as much documentation and information to prepare for a sentencing in a violation matter as I have in your case. I can assure you that the sentence that I will impose is the result of comprehensive consideration, thought and reflection on my part. Nothing about the [c]ourt's position today is easy. Nothing about the consideration of the reflection I've given upon your sentence, which has been extensive, has been an easy task for me.

I have no doubt, as you said in your letter, and as you said here today, that you are genuinely remorseful for the relapse in your conduct. I have no doubt that you are clearly active in your

treatment, and in your faith-based concerns. I have no doubt that you try to be the best employee that you can. I have no doubt, using your words today, that you are a people pleaser. But I also have no doubt that you have been a person who has the ability to have those around you support you.

While I understand your comments today that you cannot forgive yourself, your comments today struck me as things that you've heard in counseling, things that you learned in counseling, but this [c]ourt has no way to judge whether you truly have any inherent recognition of the harm your conduct has caused to others, to children. As I said, I have no reason to challenge your current assertion that you generally want to continue your work on your underlying issues. However, such assertions must be weighed against the severity and the continuing nature of your conduct. Your conduct has directly harmed and placed at risk minor children, both here in Lancaster County, Pennsylvania, as well as in the State of Ohio. Such conduct cannot be tolerated in a civilized society, nor is this [c]ourt desirous of placing any more children at risk or danger.

While it is an unfortunate conclusion for me to reach, this [c]ourt has absolutely no doubt that a sentence of incarceration is warranted, as any lesser sentence would depreciate the seriousness of your conduct. Nor does this [c]ourt have any doubt that probation and parole have been an ineffective vehicle to accomplish your individualized rehabilitative needs. The [c]ourt finds it is likely that you will commit another crime if you are not imprisoned, and the sentence that is about to be imposed is essential to vindicate the authority of the [c]ourt.

N.T., 2/12/20, at 30-32.

The trial court expanded on its rationale, and detailed its consideration of numerous factors in imposing Appellant's sentence. *See* Trial Court Opinion, 6/10/20, at 6-15. In sum, the court considered all mitigating circumstances, including Appellant's troubled childhood, education and work history, considerable community support, and history of therapeutic treatment. However, the court found a sentence of total confinement was

necessary given Appellant's 32-year history of child molestation, including repeated registration violations, failed attempts at treatment, and commission of crimes in Ohio. On this record, Appellant has failed to establish that the trial court ignored or misapplied the law, exercised judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision. *Zirkle*, *supra*; *see also Commonwealth v. Austin*, 66 A.3d 798, 808-09 (Pa. Super. 2013) (affirming trial court's imposition of consecutive sentences resulting in term of incarceration of 35 to 70 years where sentence was not unduly harsh in light of criminal conduct at issue and trial court reviewed all relevant documentation). Because the trial court did not abuse its discretion, we affirm the judgment of sentence.

Judgment of sentence affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 12/22/2020